## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristen N. Cooley, *guardian of the estate of N.O.C., a minor,* | Case No. 20-cv-2152 (DWF/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| Target Corporation, Target Enterprise, Inc., and John Does 1-10, | |
| Defendants. | |

Plaintiff Kristen Cooley challenges 136 documents that Defendant Target either withheld from production in their entirety on the basis of attorney-client privilege, or produced in redacted form during discovery. The Court held a telephone status conference with the parties on September 16, 2021. Target submitted 28 representative sample documents for *in camera* review, and on October 1, 2021 the parties submitted letters stating their arguments on the privilege issue. *See* Dkt. Nos. 160, 161. The Court has reviewed each of the sample documents submitted for *in camera* inspection. For the reasons set forth below, the Court finds that most though not all of the sample documents are protected from discovery and need not be produced.

**I.   Attorney-Client Privilege**

This is a copyright infringement lawsuit relating to a crayon-style polka-dot design used in the Cat & Jack line of children's clothing and accessories sold by Target in 2018. Cooley contends her son created the artwork used by Target, while Target asserts that the design was created by one of its in-house designers. Because subject matter

jurisdiction in this case is premised on a federal question, the federal common law of attorney-client privilege applies. *Smith-Bunge v. Wisconsin Cent., Ltd.*, No. 15-cv-4383, 2017 WL 11463829, at *6 (D. Minn. May 1, 2017). If the document is covered by the privilege, the Federal Rules of Civil Procedure preclude discovery of it, regardless of whether it may otherwise be relevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1).

The attorney-client privilege protects confidential communications made between an attorney and his or her client for the purpose of giving or receiving legal advice. *Triple Five of Minnesota Inc. v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002). The privilege protects communications between in-house counsel and corporate employees when made for the purpose of securing or providing legal advice. *PaineWebber Grp., Inc. v. Zinsmeyer Trust P'ship*, 187 F.3d 988, 991 (8th Cir. 1999). The privilege extends to communications among corporate employees that reflect legal advice rendered by counsel to the corporation. *A.P.I., Inc. v. Asbestos Settlement Trust v. Atlantic Mutual Ins. Co.,* No. 09-cv-665, 2010 WL 11537474, at *5 (D. Minn. May 3, 2010). It is the giving or receiving of legal advice that is critical. Courts recognize that in-house attorneys often "play a dual role of legal advisor and business advisor" and thus the Court must consider whether communications are primarily legal advice and thus privileged, or business advice, which is not. *Cardenas v. Prudential Ins. Co. of America,* Nos. 99-1421, 99-1422, 99-1736, 2004 WL 234404, at *2 (D. Minn. Jan. 30, 2004) (citation omitted). Merely copying an attorney on an internal email does not transform an ordinary business communication into a privileged one. *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 403-04 (8th Cir. 1987). It is only when the lawyer acts in the role of legal counselor while

communicating information to the corporate employee that the communication is privileged and not subject to discovery. *Mission Nat'l Ins. Co. v. Lilly*, 112 F.R.D. 160, 163 (D. Minn. 1986).

## II. Review of Documents

Cooley divided the 136 challenged documents into four groups (Category Nos. 1, 2, 3, and 4). She identified representative samples from each group for Target to submit to the Court. Cooley chose the samples based on information in Target's privilege log as well as from seeing some documents that Target produced but later clawed back. Cooley Ltr. at 1 n.2; Target Ltr. at 1 n.1.

**Category No. 1**

Target labels this category as "Emails relaying advice or instructions from Target's counsel," while Cooley labels it as "No Communication With Any Attorney At All." Target Ltr. at 1; Cooley Ltr. at 2. Target submitted the following documents for review:

```
TARGET_001814-15 (PRIV 083)
TARGET_001824 (PRIV082)
TARGET_004750-57
PRIV023
TARGET_004963
```

Documents 1814-15 (PRIV083) and 1824 (PRIV082) were produced in redacted form by Target's previous counsel but later clawed back by its current counsel. Target Ltr. at 2. Target asserts "the Court should not rule on them" because they are post-lawsuit communications that fall under paragraph 42 of the ESI Protocol [Dkt. No. 123][1] and thus

---

[1] Paragraph 42 states: "Privilege logs need not include party communications with counsel or communications between counsel or attorney work-product or any other communications or materials protected under the attorney-client privilege, the work-product immunity, and/or any other applicable privilege or immunity (including, without limitation, communications protected under the joint defense and/or common interest

3

need not and should not have been produced in the first place. Target Ltr. at 2. A review of the documents shows they involve information-gathering and instructions regarding Target's preparation and defense of the lawsuit. The Court finds they fall within the scope of ESI Protocol ¶ 42 for post-lawsuit documents that need not be produced and need not be identified on a privilege log.[2]

Document PRIV023 includes communications with paralegals and involves a request for and provision of legal advice. The redacted portions of 4965 include communications with in-house counsel regarding a legal claim and involve a request for and provision of legal advice. The redacted portions of 4750-57 discuss and convey legal advice and instructions. These three documents are protected from discovery by the attorney-client privilege.

**Category No. 2**

Target labels this category as "Target employees obtain information on behalf of Target's counsel," but Cooley contends the documents are "Statements of Fact, Communicating No Legal Advice." Target Ltr. at 2; Cooley Ltr. at 2. Target submitted two representative samples:

TARGET_003133-34 (PRIV076)
TARGET_003162-64 (PRIV080)

Like two of the documents discussed above in Category No. 1, documents 3133-34 (PRIV076) and 3162-64 (PRIV080) are post-lawsuit documents that fall within the scope of ESI Protocol ¶ 42 and need not be produced or identified on the privilege log.

---

doctrines) to the extent such communications were made or materials were created subsequent to the filing of the lawsuit."
[2] Cooley claims the documents are relevant to spoliation [Cooley Ltr. at 3], but there is no spoliation issue or sanctions motion before the Court.

4

Target represents that it already separately produced the factual information, images, and files — all of which are discoverable — that are attached to these emails. Target Ltr. at 3; *see Onwuka v. Federal Express Corp.,* 178 F.R.D. 508, 512-13 (D. Minn. 1997) (underlying factual information relevant to claims and defenses is not protected from discovery). Cooley does not dispute that it has received this factual information.

Cooley concedes the emails are post-lawsuit communications involving Target's litigation paralegal for the purpose of gathering information and materials, and states they are work product. Cooley Ltr. at 4 (citing *United States v. Adams*, No. 17-cr-64, 2018 U.S. Dist. LEXIS 184490, at *19-21 and n.3 (D. Minn. Oct. 27, 2018)). She argues the emails should be produced because Target asserted the wrong privilege: attorney-client rather than work product. Cooley Ltr. at 4. But ESI Protocol ¶ 42 covers work product as well as attorney-client privileged documents and, as Target points out, these two documents did not need to be disclosed or produced in the first place. Target Ltr. at 3.

Cooley speculates that the reason Target did not assert work product protection "may be because Target chose to waive any such protection by having Ms. Jungbauer [the paralegal], rather than a traditional fact witness, swear to and verify all of Target's factual responses to discovery requests." Cooley Ltr. at 4. But Cooley does not develop her waiver argument beyond this conclusory sentence, which the Court does not find persuasive (to the extent it understands the point at all).

The Court finds these documents fall within the scope of ESI Protocol ¶ 42 for post-lawsuit documents that need not be listed on a privilege log or produced.

**Category No. 3**

Target contends these documents are "Target's privileged communications in response to Plaintiff's 2018 letter," while Cooley labels the category as "Waiver By Implication." Target Ltr. at 3; Cooley Ltr. at 4. Target provided the following 15 documents as representative samples:

    PRIV037
    PRIV040
    PRIV048
    PRIV067
    PRIV069
    PRIV070
    PRIV071
    PRIV072
    TARGET_004832-35
    TARGET_004864-67
    TARGET_004870-71
    TARGET_00004941-44
    TARGET_004952-54
    TARGET_004957 (PRIV044)
    TARGET_004978-82

Cooley sent Target a cease-and-desist letter on September 25, 2018. Dkt. No. 139-1 at 9-13. Target retained a law firm to investigate and prepare a response letter which was sent on October 10, 2018. *Id.* at 31-35. The sample documents provided to the Court are communications between Target employees and a paralegal, in-house counsel, and outside counsel to gather information, investigate, and prepare Target's response to the cease-and-desist letter.

Cooley contends Target has waived-by-implication the attorney-client privilege with respect to these documents, but her argument is premised on a claim that is not presently before the Court: whether there was spoliation of evidence by Target. *See* Cooley Ltr. at 4-5. Cooley has not brought a motion for spoliation sanctions, and the Court

has had no occasion to decide any spoliation issue or make any determinations regarding Target's duty to preserve evidence. Accordingly, as Cooley has offered no other basis to invade the privilege here, the Court finds these documents (and/or redacted portions of documents) remain protected from discovery by the attorney-client privilege.

**Category No. 4**

Target labels this category of documents as "Advice from in-house counsel," while Cooley contends they are "Business, Not Legal, Advice, At Most." Target Ltr. at 5; Cooley Ltr. at 5.

Target has provided 6 samples:[3]

PRIV029
PRIV032
TARGET_001535-37 (PRIV008)
TARGET_001674-75
TARGET_005058-59
TARGET_005060-62 (PRIV031)

Document 1535-37 (PRIV008) was produced by Target but later clawed back. Cooley argues it contains no legal advice and is not privileged. Cooley Ltr. at 5. The Court agrees. The communications involve exchanging information about plaintiff's son and entering into a contract with him to create a smile mark/logo. There is no request for or provision of legal advice. This document is not privileged and should be produced.

In contrast, most of PRIV029 involves seeking and providing legal advice and includes communications with Target paralegals. It contains some but not all of the emails found in PRIV023 (Category No. 1 document). However, the July 20, 2018 email at the

---

[3] Target also provided document 5055-56 in Tab 2 along with PRIV032, but 5055-56 is not a designated sample document nor is it discussed in the parties' letters. *See* Cooley Ltr. at 5; Target Ltr. at 5. Thus, the Court does not address 5055-56.

7

top of the first page of PRIV029 does not involve requesting or providing legal advice. Thus, Target should produce PRIV029 but may redact the substance of all of the emails except the July 20, 2018 email.

PRIV032 is a contract that highlights a 7-word revision. Communications in another document (5058-59) indicate it was a business decision to maintain that revision in the contract. The document is not protected by attorney-client privilege and should be produced.

The redacted information in document 1674 is simply transmittal information in the nature of an "fyi." The redacted email itself states that the only reason it was sent as a separate email is because the author forgot to copy the recipient (an in-house attorney) on an email she sent to Cooley — an email that obviously is not privileged and was produced by Target. The redacted email does not seek or provide legal advice, is not privileged, and should be produced.

The redacted information in 5058 involves communications that encompass both business advice and legal advice. The emails explicitly request and provide legal advice in the context of, and intertwined with, the business considerations expressed in the emails. The Court finds the redacted information is protected by the attorney-client privilege and need not be produced.

Document 5060-62 (PRIV031) is an unsigned license agreement between Target and Cooley's son for smile face designs. Target asserts generally that it relates to Target's negotiations with Cooley, but it simply shows the terms of the contract and does not communicate legal advice or opinions. It is not protected by attorney-client privilege and should be produced.

**ORDER**

For the reasons stated above, **IT IS HEREBY ORDERED:** Target shall produce the identified documents to the extent consistent with the Court's opinion.

Dated: October 8, 2021      s/David T. Schultz
                            DAVID T. SCHULTZ
                            U.S. Magistrate Judge