UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Kristen N. Cooley, *guardian of the estate of N.O.C., a minor,*

    Plaintiff,

v.

Target Corporation, et al.,

    Defendants.

Case No. 20-cv-2152 (DWF/DTS)

**ORDER**

_____

This is a copyright infringement lawsuit relating to a crayon-style polka-dot design used in the Cat & Jack line of children's clothing and accessories sold by Defendant Target in 2018. Plaintiff Kristen Cooley contends her son N.O.C. created the polka-dot artwork used by Target. Target asserts that the design was in fact created by one of its in-house designers.

Cooley now moves for leave to amend her First Amended Complaint (FAC) to add claims for breach of contract, fraud, fraud in the inducement, negligent misrepresentation, unjust enrichment, and punitive damages relating to different artwork created by N.O.C. Specifically, Cooley alleges Target unlawfully used N.O.C.'s smiley-face artwork on denim clothing in its Wild Fable brand of women's clothing that went on sale in January or February 2022. Motion, Dkt. No. 295; Proposed Second Amended Complaint (SAC), Dkt. No. 301-3 (redline). She claims this violated the License Agreement governing the smiley-face artwork, which permitted Target to use the artwork on its website, social media, and other electronic media but specifically prohibited using the artwork on retail merchandise. Dkt. No. 301-7. Target opposes the motion on various grounds.

As discussed below, the Court denies Cooley's motion because she has not established good cause to amend the scheduling order under Rule 16. Even if good cause had been shown, the Court denies the motion under Rule 15 because allowing the amendment at this late date would result in undue prejudice to Target.

## I. Background

Cooley bought this lawsuit in May 2020 in federal court in California. Dkt. No. 1 (Complaint), 16 (First Amended Complaint). It was transferred to this District in October 2020. Dkt. No. 85. The deadline for motions to amend the pleadings was June 25, 2021; the fact discovery deadline was December 10, 2021; and summary judgment motions were due by April 14, 2022. Am. Sched. Order, Dkt. No. 153. Both parties have filed summary judgment motions and are in the process of briefing them along with their *Daubert* motions, all of which are set for hearing on June 10, 2022. Dkt. Nos. 317-18, 326-27, 337, 339-40, 347-48.

On April 6, 2022 Cooley brought this Motion for Leave to File a Second Amended Complaint due to Newly Discovered Information. Dkt. No. 295. A hearing was held on April 26, 2022. Dkt. No. 338.

## II. Legal Standards

A motion for leave to amend a complaint is normally governed by Rule 15 of the Federal Rules of Civil Procedure. However, when the motion is brought after the deadline to amend the pleadings, the party seeking leave to amend must satisfy Rule 16's good cause standard for modifying the scheduling order.

## A. Rule 15

Rule 15(a) provides that a court should freely give leave to amend a complaint when justice so requires. The decision whether to grant leave to amend is entrusted to the sound discretion of the district court. *Niagara of Wis. Paper Corp. v. Paper Indus. Union–Mgmt. Pension Fund*, 800 F.2d 742, 749 (8th Cir. 1986). There is no absolute right to amend, and a court may deny the motion in circumstances such as when the amendment will cause or is the result of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies in previous amendments, undue prejudice to the nonmoving party, or futility. *Baptist Health v. Smith,* 477 F.3d 540, 544 (8th Cir. 2007).

## B. Rule 16

Rule 16 requires the Court to issue a scheduling order that limits, among other things, the time to amend the pleadings. Fed. R. Civ. P. 16(b)(1) and (3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "primary measure of good cause" is the moving party's "diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008); *Reichel Foods, Inc. v. Proseal America, Inc.*, No. 19-cv-2604, 2021 WL 3674495, at *3 (D. Minn. Aug. 19, 2021) (same).

There is "not a clear test for when a party is diligent enough to establish good cause." *Shank v. Carleton Coll.,* 329 F.R.D. 610, 614 (D. Minn. 2019). However, "the good cause standard of Rule 16(b) is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably be met despite the diligence of the party seeking the extension." *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.,* 326 F.R.D. 513, 522 (D. Minn. 2018). Even when good cause is shown, a court "retains discretion as to whether

to grant the motion." *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir. 2001). At that point a court considers factors such as undue prejudice to the nonmoving party. *Sherman*, 532 F.3d at 717 ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the Court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."); *see also Bradford*, 249 F.3d at 809 (because movant's minimal efforts failed to satisfy the good cause standard, there was "no need to explore" other factors such as the "existence or degree of prejudice to the party opposing the modification").

### III.     Analysis

Cooley argues that good cause is established because she brought this motion promptly after discovering Target began selling Wild Fable denim clothing with a smiley-face design in January or February 2022. She contends the design uses N.O.C.'s smiley-face artwork in breach of the July 30, 2018 License Agreement. Dkt. No. 301-7.

Target responds that Cooley's suspicions and allegations relating to N.O.C.'s smiley-face artwork have existed since the July 2018 CrushCon event attended by N.O.C., which occurred almost two years before she filed this lawsuit. Target argues she could and should have pursued discovery on potential claims before the June 2021 deadline to amend the pleadings. Had she done so, she would have learned that the Wild Fable smiley-face clothing was in development in early 2021 and that the design was independently created (according to Target) by a third party vendor. Target also argues that a layperson comparing N.O.C.'s smiley faces and the Wild Fable smiley faces can readily tell they are not substantially similar (except to the extent that every hand-drawn smiley face has similar components).

4

The Court finds that Cooley has not shown good cause to modify the scheduling order under Rule 16 because she was not diligent in pursuing discovery of potential claims relating to the smiley-face artwork. Cooley has believed Target copied N.O.C.'s smiley-face artwork since July 2018, when N.O.C. attended Target's CrushCon event in Minnesota. At her deposition, Cooley testified she believed N.O.C.'s smiley-face artwork was involved in the lawsuit because it is one of his copyrighted works. Dep. Tr. 72,[1] Dkt. No. 314. N.O.C.'s father testified he saw Target copy N.O.C.'s smiley-face artwork at CrushCon: "They wanted — they came in and requested that [N.O.C.] did [sic] happy face designed art exactly like this. And when we declined and asked if we could just do it at home because he was tired, the next day when we walked in the studio, we saw someone replicating it. So I was pretty upset, and I was standing there watching the guy do it. And when he finished, I brought [N.O.C.] over there and asked him if he would take a photo right in front of it. And I basically reached out to [N.O.C.]'s mother at that point and was like 'I can't believe that they couldn't even wait two days until when we got home for him to do his art; that they're willing to just steal it and copy it right in front of us.'" Proposed SAC ¶ 89, Dkt. No. 301-3. Cooley's theory, as expressed in both the FAC and the proposed SAC, is that inviting N.O.C. to CrushCon was a bait-and-switch tactic by Target to get him to create artwork for one stated purpose which Target would then

---

[1] The transcript reads, in part:
A:  * * * And my husband can speak for himself tomorrow but had expressed to me during a project that I wasn't attending that they saw employees spray painting smiley faces that were inspired by [N.O.C.]'s because they appeared to be impatient to receive his happy faces while [N.O.C.] was working on Crushcon projects.
Q: And as I understand that there is no allegations that there are happy faces from [N.O.C.]'s artwork on any of the Cat and Jack clothing at issue in this lawsuit. Is that right?
A:  No. The happy faces are definitely involved because it's a copyrighted work of [N.O.C.] But I don't recall seeing happy faces on Cat and Jack merchandise.

5

misappropriate for a different purpose, *i.e.,* retail merchandise. *See* FAC ¶¶ 10, 66; Proposed SAC ¶¶ 11, 88.

Cooley's own beliefs and allegations arising out of events at CrushCon in July 2018 thus put her on notice to inquire during discovery about Target's copying, use, or intent to use N.O.C.'s smiley-face artwork for any unauthorized purpose. The fact that the smiley-face Wild Fable denim merchandise did not go on sale to the public until early 2022 does not make this "new information" for purposes of excusing her lack of diligence in pursuing discovery regarding the smiley-face artwork and any potential claims. Cooley instead chose to focus on copyright infringement claims related to N.O.C's polka-dot artwork in this lawsuit, which is now in its end stages. Because Cooley has not shown good cause to amend the scheduling order as required by Rule 16, the Court denies her motion for leave to amend the FAC to add claims relating to the smiley-face artwork.

In addition, even if good cause were established under Rule 16, the Court finds that the circumstances here do not satisfy Rule 15's standard that leave to amend be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). Adding the claims relating to the smiley-face artwork would unduly prejudice Target by imposing substantial additional costs in time and money and by delaying resolution of the lawsuit. It would entail re-opening written discovery, re-deposing witnesses and/or deposing new witnesses, halting or duplicating the ongoing summary judgment and *Daubert* briefing, and pushing the trial date far into the future. *See, e.g., National Liberty Corp. v. Wal-Mart Stores, Inc.,* 120 F.3d 913, 917 (8th Cir. 1997) (prejudice shown when completed depositions would have to be re-taken if untimely amendment were permitted); *Monahan v. New York City Dep't of Corrs.,* 214 F.3d 275, 284 (2d Cir. 2000) (undue prejudice when

proposed amendment would require nonmoving party to expend significant additional resources on discovery and trial preparation or would significantly delay resolution of the dispute).

In addition, the claims Cooley seeks to add are independent claims regarding different artwork, which are not barred by the statute of limitations. They could be asserted in a separate lawsuit. This fact, in combination with the unfair prejudice to Target that would result from permitting the amendment at this late stage of the litigation, leads the Court to conclude that justice does not require leave to amend in this case. Thus, the Court also denies the motion to amend under Rule 15.

## ORDER

The Court, being duly advised in the premises, upon all the files, records and proceedings herein, and for the reasons stated on the record at the hearing, now makes and enters the following Order.

**IT IS HEREBY ORDERED** that Plaintiff Kristen Cooley's Motion for Leave to File Second Amended Complaint [Dkt No. 295] is **DENIED.**

Dated: April 28, 2022          ___s/David T. Schultz_____
                                DAVID T. SCHULTZ
                                U.S. Magistrate Judge