UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kristen N. Cooley, guardian of the estate of N.O.C., a minor, | Civil No. 20-2152 (DWF/DTS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Target Corporation, Target Enterprise, Inc., and John Does 1-10, | |
| Defendants. | |

This matter is before the Court for resolution of a dispute regarding sanctions. Plaintiff Kristen Cooley objects to the Magistrate Judge's order dated June 10, 2022, denying her Motion for Sanctions for Spoliation of Evidence and Pattern of Discovery Abuse (Doc. No. 375, "the Order"). (Doc. No. 379.) Defendants responded to Cooley's objection. (Doc. No. 387.)

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a). This is an "extremely deferential" standard. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The relevant factual and procedural background for the above-entitled matter is clearly and precisely set forth in the Magistrate Judge's order and is incorporated by reference. In the Order, the Magistrate Judge explained that the five sanctions Cooley requested "fall squarely within Rule 37(e)" of the Federal Rules of Civil Procedure, which governs the preservation of electronically stored information ("ESI"). (Order at 10.) Rule 37(e) provides that the Court may sanction a party who fails to preserve ESI in anticipation of litigation when the loss of information prejudices another party. Fed. R. Civ. P. 37(e)(1). In addition, more serious sanctions, such as dismissing the case or instructing the jury that it may or must presume the lost information was unfavorable, are available when the Court finds that the party's destruction of ESI was intentional. *See* Fed. R. Civ. P. 37(e)(2)(A)-(C). Regardless, all sanctions under Rule 37 are discretionary, meaning that the Court may, but is not required to, issue sanctions if the requirements of Rule 37(e)(1) or (2) are met.

The Magistrate Judge found that although Target had a duty to preserve ESI from September 25, 2018, until the complaint was filed in May 2020, and failed to do so, Target's failure to preserve ESI did not prejudice Cooley. Additionally, the Magistrate Judge concluded that Target did not intentionally destroy ESI to deprive Cooley of the information. Given these findings, the Magistrate Judge declined to sanction Target.

Cooley argues that the Order should be reversed for two reasons. First, the Order failed to address sanctions under Rule 26(g) of the Federal Rules of Civil Procedure. And second, the Order erroneously found that Target did not intend to destroy ESI relevant to the case and that Cooley was not prejudiced by the loss of information. In

response, Target argues that the Magistrate Judge was correct in concluding that the destruction of ESI was not intentional and did not prejudice Cooley but takes issue with the Court's conclusion that Target's duty to preserve ESI began in September 2018, when Target received the cease-and-desist letter. Target argues that its duty to preserve instead arose in May 2020 when Cooley initiated this action. The Court addresses each argument in turn.

**I.     Violation of the Local Rules**

As an initial matter, Cooley's memorandum exceeds the word limit set forth in the Local Rules. Cooley certifies that her memorandum contains 3,460 words, but Cooley excluded from the word count excerpts of an interrogatory, hearing transcript, prior memorandum, deposition testimony, and supplemental response, which were inserted into the memorandum and add over 400 additional words. The word limit is not a complex rule, and a party's failure to comply with this requirement wastes the Court's time and resources. If in the future Cooley would like to submit a memorandum that exceeds the word limit, Cooley must first request permission from the Court. *See* D. Minn. LR 72.2(c)(1)(C). Despite this violation, the Court will not impose sanctions under Local Rule 1.3.

**II.    Rule 26(g)**

The Court now turns to the merits of Cooley's objections. As the Order notes, Cooley sought five specific sanctions:

    (1)    Striking Target's independent creation defense;

(2) Issuing a mandatory, adverse inference instruction that the jury presume the evidence Target destroyed favored Plaintiff;

(3) Allowing the parties to put on evidence of Target's record destruction and submitting the question of Target's intent for the jury to decide;

(4) Precluding Target from offering any evidence affirmatively suggesting or supporting it independently created its Accused Infringing Products without any knowledge, notice or awareness of Plaintiff's child, N.O.C., or his artwork; and

(5) Permitting the parties to present evidence to the jury regarding the loss and likely relevance of Target's records that the jury may consider with all other evidence in the case.

(Order at 10.) Because each sanction deals exclusively with Target's destruction of ESI, which falls under Rule 37(e), the Magistrate Judge properly limited the Order to an analysis of sanctions under that rule.

Cooley argues that the Order was erroneous because her motion for sanctions specifically requested sanctions under both Rule 37(e) *and* Rule 26(g). She asserts that Target's history of discovery misconduct warrants sanctions under Rule 26(g). Rule 26(g) allows the Court to sanction a party who improperly certifies disclosures or discovery requests. *See* Fed. R. Civ. P. 26(g)(3). While Cooley mentioned the Court's authority to issue sanctions under Rule 26(g) in her original motion for sanctions, she did not request specific sanctions under Rule 26(g) nor did she explain how applying Rule 26 would change the Court's analysis of her requested sanctions.

Cooley instead referred to Target's pattern of discovery abuse—specifically that Target made misrepresentations to the Court and disobeyed a court order—as evidence that Target acted in bad faith when it did not preserve ESI. (*See* Doc. No. 210 at 39.)

4

She urged the Court to "contextualize Target's intentional destruction of ESI within Target's consistent pattern of discovery abuses." (*Id.* at 29.) The Magistrate Judge's Order found these examples of alleged discovery abuse unpersuasive. The Court agrees.

The Order notes that Target initially asserted that all the Accused Products were designed by Davis without an outside partner or vendor and later "revised its response to state that Davis created the polka-dot design used in 16 of the 17 Accused Products." (Order at 5.) The Court agrees with the Magistrate Judge that this revision is a "fairly typical clarification of facts that happens during the discovery process." (*Id.*) Cooley similarly argues that Target submitted a declaration that was contradictory to Davis's original testimony. Davis testified in her deposition that she did not "recall having ever seen" N.O.C.'s promotional video that featured his artwork. (Doc. No. 365.) In a later declaration, Davis then said she "can confirm [she] never saw [the video] before." (Doc. No. 320.) Again, this is not behavior that warrants sanctions. To the extent that Cooley disagrees with these responses, she can press that issue at a later stage of litigation.

Lastly, Cooley asserts that Target violated a court order to produce license agreements. The Magistrate Judge ultimately found that Target's failure to produce these agreements was not sufficiently related to the loss of ESI and did not support a finding of bad faith. This finding is not clearly erroneous.

If Cooley's intention was to seek additional sanctions under Rule 26, her motion was not clear as to that fact. Moreover, the five sanctions that she did request fall under

5

Rule 37(e).¹  It was not clearly erroneous for the Magistrate Judge to review only the requested sanctions.

## III.   Rule 37(e)

Under Rule 37(e) of the Federal Rules of Civil Procedure, a party is required to preserve ESI "in the anticipation or conduct of litigation."  The Magistrate Judge found that Target's duty to preserve ESI arose on September 25, 2018, when it received a cease-and-desist letter from Cooley.  Target argues that it did not reasonably anticipate litigation in September 2018, because Cooley had not yet registered a copyright and her claims in the cease-and-desist letter lacked merit.  For those reasons, Target argues that the duty to preserve ESI did not arise until the complaint was filed in May 2020.

As the Order notes, "[a] party is obligated to preserve evidence once the party knows or should know that the evidence is relevant to future or current litigation." *Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 232 (D. Minn. 2019) (citation omitted).  The duty to preserve evidence begins once litigation is reasonably foreseeable.  When Target received the cease-and-desist letter from Cooley on September 25, 2018, the letter indicated that Cooley would sue Target unless the parties could reach a resolution without litigation.  Although Target believed that the claim lacked merit, the

---

¹   Cooley additionally argues that the Magistrate Judge failed to apply the Court's inherent authority to sanction.  Because Cooley's requested sanctions fell within Rule 37(e), the Magistrate Judge did not err in declining to apply the inherent authority to sanction.  *See Schlafly v. Eagle F.*, 970 F.3d 924, 936 (8th Cir. 2020) ("[A] court ordinarily should rely on the [Federal] Rules rather than [its] inherent power when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules.") (internal quotations and citation omitted).

letter made clear that Cooley intended to sue if necessary. Thus, the Order correctly concluded that litigation was reasonably foreseeable at that point, and Target had a duty to place a litigation hold in September 2018.[2]

If a party fails to take reasonable steps to preserve ESI once litigation is reasonably foreseeable, the Court may award sanctions. Sanctions under Rule 37(e) fall under two categories. First, if a court finds that another party has been prejudiced by the loss of ESI, the court may "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, if a court finds that the party intentionally destroyed ESI, the court may presume that the lost information was unfavorable, instruct the jury that it may or must presume that the information was unfavorable to the party, or dismiss the action. Fed. R. Civ. P. 37(e)(2)(A)-(C).

The Magistrate Judge declined to order sanctions under either category. The Order first found that Target did not intend to deprive Cooley of her use of the lost information in the litigation. While Cooley argues that the Order did not fully analyze this issue, the Court disagrees.

"[D]eciding a case based on hypothesized evidence is strong medicine." *Auer v. City of Minot*, 896 F.3d 854, 858 (8th Cir. 2018). For that reason, an adverse presumption requires a finding by the Court that ESI was lost "because one party acted

---

[2] Target also asserts that because Cooley waited over a year and a half to initiate a lawsuit after sending the cease-and-desist letter, the Order "fails to provide guidance on how long [a litigation hold] must be maintained." (Doc. No. 387 at 13.) Target brings up a valid point, and this Court will likely need to address that issue in the future. But in this case, Target did not impose a litigation hold for any period of time before May 2020, and thus no guidance on this issue was necessary.

with the intent to deprive another party of the information's use in the litigation." *Id.* (internal quotations and citation omitted). "Negligent or even grossly negligent behavior does not logically support that inference." Fed. R. Civ. P. 37 Committee Notes on Rules—2015 Amendment. In determining whether evidence was intentionally destroyed, "a district court has substantial leeway to determine intent through consideration of circumstantial evidence, witness credibility, motives of the witnesses in a particular case, and other factors." *Morris v. Union Pac. R.R.*, 373 F.3d 896, 901 (8th Cir. 2004).

The Magistrate Judge determined that Target did not act in bad faith. The Order reasoned that much of the ESI at issue was lost before Target received the cease-and-desist letter. For example, any emails from 2017 to early 2018 were deleted pursuant to Target's email retention policy long before Cooley sent the cease-and-desist letter to Target. Moreover, emails from June to September 2017 were saved as part of a separate litigation hold, and relevant emails within that timeframe have been provided to Cooley.

Target also stopped using GroveSite and FlexPLM and archived these platforms. While the ESI Cooley wants is not in an accessible form, the Magistrate Judge found that there was no reason to believe that Target intentionally altered the archive to make information related to Cooley's case inaccessible. The Court finds that the evidence supports the Magistrate Judge's conclusion.

The Order also found that the lost ESI did not prejudice Cooley. Rule 37(e)(1) "leaves judges with discretion to determine how best to assess prejudice in particular cases." Fed. R. Civ. Pro. 37 Committee Notes on Rules—2015 Amendment. "[W]here a court expressly finds, as here, that there is no evidence of intentional destruction of

8

evidence to suppress the truth, then the district court also acts within its discretionary limits by denying sanctions for spoliation of evidence." *Gallagher v. Magner*, 619 F.3d 823, 845 (8th Cir. 2010).  After a careful review of Cooley's objections, the Court finds that the Magistrate Judge's determination is neither clearly erroneous nor contrary to the law.

Lastly, the Order addressed Target's replacement of Davis's laptop.  As laid out in the Order, Target first indicated that the laptop Davis used in 2017 was replaced in 2019.  Target then submitted a supplemental interrogatory on the last day of discovery indicating that Davis's laptop was actually replaced twice, once in January 2018 and again in April 2019.  The date change is relevant because if the laptop was replaced in January 2018, then the ESI on the laptop would have been destroyed before Target had duty to preserve ESI for litigation.  Even so, the Order concluded that any prejudice to Cooley from the loss of the computer's hard drive is limited, because most emails had already been deleted and relevant files were saved on the shared drive.  The Court agrees and thus declines to order an evidentiary hearing on the issue.

Whether Target may introduce evidence that the laptop was replaced in January 2018 is a separate issue that the parties may address prior to trial.  If the Court finds that Target's last-minute supplemental response about the laptop is false, based on insufficient evidence, or otherwise submitted in bad faith, then the Court reserves the right to issue sanctions at that time.

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal to Magistrate Judge's June 10, 2022 Order (Doc. No. [379]) is **DENIED**.

2. The June 10, 2022 Order (Doc. No. [375]) is **AFFIRMED**.

Dated:  August 24, 2022

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge